IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PROGRESSIVE NORTHWESTERN** | : | No. 3:08cv106 |
| **INSURANCE COMPANY,** | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **COURTNEY SCZYREK,** | : | |
| **MICHAEL SCZYREK, and** | : | |
| **NICHOLAS OWENS** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### **MEMORANDUM**

Before the court is plaintiff's complaint for a declaratory judgment in a dispute over insurance coverage (Doc. 1). For the reasons stated below, we will decline to exercise our discretion to hear the case.

**Background**

This case arises out of a dispute over insurance coverage for an automobile accident involving defendants Nicholas Owens and Michael Sczyrek on August 31, 2007. (Complaint (hereinafter "Complt." (Doc. 1) at ¶¶ 6, 8). Defendant Courtney Sczyrek, wife of Michael Sczyrek, is insured by Plaintiff Progressive Northwestern Insurance Company (Progressive). (Id. at ¶ 6). Nicholas Owens, who was injured in the accident, contends that his injuries were the result of Michael Sczyrek's negligence, as well as his wife Courtney's negligence in entrusting her vehicle to him. (Id. at ¶ 9). Owens has asserted claims against the Sczyreks based on these allegations. (Id.). Progressive contends that exclusions in the insurance policy

signed by Courtney Sczyrek absolve the company from any liability in relation to the accident.

A letter from Owens's attorney attached to the complaint indicates that Owens intends to file a lawsuit against the Sczyreks. (See Letter from Jamie Anzalone to Irene Hanley, dated October 26, 2007, attached as Exh. B to Complt.). In that letter, Owen's attorney also indicated that Progressive would also be named in the complaint if it continued to deny Courtney Sczyrek coverage for the accident. (Id.). Ownens's attorney took the position that state law created liability for Courtney Sczyrek even though she had not been driving at the time of the accident, and that Progressive was therefore obligated to provide her with coverage. (Id.). Progressive apparently took the opposite position.

On January 16, 2008, Progressive filed the instant action in this court, styled as a "declaratory judgment complaint." Both Pennsylvania and the United States have declaratory judgment acts, and the company–perhaps through an oversight–declines to identify under which statute it seeks judgment. In any case, progressive seeks to have this court declare that Nicholas Owens's claims are excluded from coverage under Courtney Sczyrek's policy, and that the company has no obligation to defend or indemnify her for any claims arising from the August 31, 2007 accident.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28

U.S.C. § 1332.  The plaintiff is a Washington Corporation with its principal place of business in Ohio.  Defendants are citizens of Pennsylvania.  The amount in controversy exceeds $75,000.

**Discussion**

In most cases, because we are sitting in diversity, the substantive law of Pennsylvania would apply.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).  However, "federal courts are to apply state substantive law and federal procedural law."  Hanna v. Plumer, 380 U.S. 460, 465 (1965).  The instant case is before the court in the form of a declaratory judgment action, and Federal Courts have concluded that declaratory judgment actions are procedural rather than substantive.  See Fischer & Porter Co. v. Moorco Int'l Inc., 869 F.Supp. 323, 326 (E.D. Pa. 1994) (holding that "[c]ase law indicates that the [Declaratory Judgment] Act is procedural in nature, and therefore federal law, not state law, governs whether claims may be heard under it."); Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978) (holding that the [Declaratory Judgment] Act involves procedural remedies and not substantive rights . . . The Act does not create substantive rights for parties; it merely provides another procedure whereby parties may obtain judicial relief.").  As a result, we here would apply substantive Pennsylvania law in interpreting the insurance contract, but the procedural strictures of the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  See Fischer & Porter, 869 F. Supp. at 326.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The United States Supreme Court has declared that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). A court's decision to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." Sate Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001). Further, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135. These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." Id.

We will decline jurisdiction over this declaratory judgment action. The matter before this court is one of contract interpretation under Pennsylvania law. In addition, we would be required to determine whether tort claims of individual liability against an insured who was not operating a motor vehicle can provide liability and a

4

duty to defend outside of exclusions in the insurance policy.  All of these are questions of state law, where we would be required to predict how a state court would rule in the matter.  No unique questions of federal law exist, and this court's expertise is not necessary for a just outcome in the case.  Further, the complaint indicates that other litigation is pending on the underlying matter.  The parties' claims can be better addressed when such litigation appears.  We will therefore decline to exercise our jurisdiction to hear this case.

**Conclusion**

For the reasons stated above, we will decline to exercise our jurisdiction to hear this declaratory judgment action.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PROGRESSIVE NORTHWESTERN,** | : | No. 3:08cv106 |
| **INSURANCE COMPANY,** | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **COURTNEY SCZYREK,** | : | |
| **MICHAEL SCZYREK, and** | : | |
| **NICHOLAS OWENS,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 17th day of January 2008, it is hereby **ORDERED** that the instant complaint (Doc. 1) is **DISMISSED**.  The Clerk of Court is directed to **CLOSE** the case.

                                      **BY THE COURT:**

                                      **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**